UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY L. SFASCIOTTI, d/b/a LAW OFFICES OF MARY L. SFASCIOTTI, P.C., <br><br> Plaintiff, <br><br> v. <br><br> THOMSON REUTERS GLOBAL MARKETS, INC, d/b/a THOMSON REUTERS CORPORATION, d/b/a THOMSON WEST PUBLISHING CORPORATION d/b/a FINDLAW, <br><br> Defendant. | CASE NO. 1:12-cv-01925 <br><br> Hon. Rebecca R. Pallmeyer |

### **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, West Publishing Corporation d/b/a West, a Thomson Reuters business (incorrectly referred to by Plaintiff as Thomson Reuters Global Markets, Inc., d/b/a Thomson Reuters Corporation d/b/a Thomson West Publishing Corporation d/b/a FindLaw) ("Defendant"), as and for its Answer to the Complaint ("Complaint") of Mary L. Sfasciotti ("Plaintiff"), in the above-entitled matter, states and alleges as follows:

### **JURISDICTION**

1. This court's jurisdiction is founded on Declaratory Judgment Act, 28 U.S.C.S. §2201 (declaratory judgment), federal question jurisdiction, 28 U.S.C.S. §1331, and mandamus under 28 U.S.C.S.§1361 as this cause of action alleges that the Defendants violated the Truth in Lending Act, 15 U.S.C. §§1692 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §§1601 et seq., and Illinois Deceptive Practices Act.

2008362v1

Civil liability is predicated on 15 U.S.C. §1692K, which permits recovery for actual damages, costs of the action and reasonable attorneys fees.

**ANSWER**: In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff invokes jurisdiction under the Truth in Lending Act, the FDCPA, and the Illinois Deceptive Trade Act but denies that it violated any of those laws. Further, the agreements between the parties provide that the state and federal courts sitting in Minnesota shall have exclusive jurisdiction of any claim arising from the agreements.

2. Plaintiff is an attorney duly authorized to practice law in the States of Illinois and Wisconsin and is engaged in the private practice of law with offices at 79 West Monroe Street, Suite 1215, Chicago, Illinois 60603. She has engaged in the practice of law for 37 years.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

3. Defendant Thomson Reuters Global Markets, Inc. is a Delaware corporation, authorized to do business in the state of Illinois through its agent, Prentice Hall Corporation, a subsidiary of the Defendant.

**ANSWER**: In response to paragraph 3 of Plaintiff's Complaint, Defendant admits that Thomson Reuters Global Markets, Inc. is a Delaware corporation and is authorized to do business in Illinois. Defendant denies that Thomson Reuters Global Markets is a subsidiary of the unidentified "Defendant" stated in Plaintiff's Paragraph 3.

4. On information and belief, defendant Thomson Reuters Corporation is partially or wholly owned by Thomson Reuters Global Markets, Inc., and does business as Thomson West Publishing and Findlaw. Its corporate offices are located at 610 Opperman Drive, Eagan, Minnesota, 55123.

2008362v1

**ANSWER**: Defendant denies the allegations contained in Paragraph 4. Plaintiff contracted for service with West Publishing Corporation, which is a Minnesota domestic corporation authorized to conduct business in Illinois. FindLaw is the name of a website development product offered by West Publishing Corporation d/b/a West, a Thomson Reuters business. Upon information and belief, Plaintiff has no contractual relationship with Thomson Reuters Global Markets, Inc. or Thomson Reuters Corporation.

5. Defendants, individually and collectively, market electronic research services to professionals and businesses for a monthly charge for the use of certain libraries. Defendant Thomson Westlaw had such an agreement with the Plaintiff whereby Plaintiff was billed monthly for usage, which she paid by check.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5. Defendant admits that Plaintiff contracted with West Publishing Corporation for Westlaw service, the terms of which were provided for in Plaintiff's Exhibit "A".

6. Defendant FINDLAW was an independent company until it was acquired by Thomson Reuters Corporation in 2001. FINDLAW operates as an independent company from Westlaw and contracts negotiated by FINDLAW with customers bear the logo "FINDLAW," not Thomson West or West Law Group.

**ANSWER**: In response to paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations.

7. On or about December 17, 2008, Plaintiff entered into an agreement with Thomson West for access to its electronic research libraries of Illinois case law, Illinois law reviews, and immigration law materials at a base monthly cost of $424.20 for a period of one year to be renewed thereafter. (Exhibit A attached hereto).

**ANSWER**: Defendant admits to the extent that Plaintiff entered into an agreement with West Publishing Corporation, the terms of which are provided for in Plaintiff's Exhibit "A". Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 7.

8. On November 25, 2008, Plaintiff executed an authorization enabling Thomson Westlaw to charge her Mastercard account, having a specific account number that would expire on August 31, 2011. (Exhibit B attached hereto). On information and belief, Defendants previously never charged Plaintiffs credit card for products or subscriptions she purchased and Plaintiff always paid Defendants by check.

**ANSWER**: Upon information and belief, Plaintiff's attached Exhibit "B" appears to be a credit card authorization form dated November 24, 2008. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 8.

9. On October 31, 2011, Plaintiff received a statement from Defendant West Publishing showing a balance due of $7,008.06 but showing no credits for payments received, despite the fact that from January 1, 2011 through October 11, 2011, Plaintiff paid Thomson Westlaw in checks totaling $17,144.07. (Exhibit C attached hereto).

**ANSWER**: In response to paragraph 9 of Plaintiff's Complaint, Defendant denies Plaintiff's allegations.

10. On February 14, 2012, Plaintiff entered into an agreement with Findlaw to publicize Plaintiff's law practice on its website and to create a website for Plaintiffs law practice. The agreement specified that for such services, Plaintiff would be billed $367.50 per month. On February 14, 2012, Plaintiff authorized Findlaw to charge only the first month's payment on her new Mastercard account.

2008362v1

**ANSWER**: In response to paragraph 10 of Plaintiff's Complaint, Defendant admits to the extent that Plaintiff entered into an agreement with West Publishing Corporation for FindLaw service. Defendant denies the remainder of Plaintiff's Paragraph 10.

11. On February 28, 2012, unknown to the Plaintiff and without her express authorization and consent, Defendant Thomson West Law charged Plaintiff's Mastercard account in the amount of $12,269.30, for the balance on her Westlaw account. Plaintiff never renewed her prior Auto Charge authorization that she executed on November 25, 2008, that would permit Defendant Thomson West Law to obtain payment by charging Plaintiff's current credit card account.

**ANSWER**: In response to paragraph 11 of Plaintiff's Complaint, Defendant admits that a payment was processed on Plaintiff's credit card, but denies all remaining allegations against it.

### Count I. 15 USC § 1643 - Truth in Lending Act

12. Defendants, by failing to notify Plaintiff of that it would use her Mastercard account in payment of amounts owed and further failing to advise her that her credit card account would be debited in the amount of $12,269.30, caused injury to the Plaintiff by reason of its duplicitous and fraudulent conduct. Section §1643(a)(1)(E) of the Truth in Lending Act exempts a card holder for liability to pay unauthorized credit charges unless the unauthorized use occurred before the card issuer was notified of the charges. Defendants failed to advise Plaintiff of its intention to charge $12,269.30 to her Mastercard account prior to doing so, knowing that she would protest such actions as unauthorized, fraudulent and illegal with Mastercard before such charges were made.

5

Its intention was to make Plaintiff liable for the total amount of her balance charged to Mastercard by not advising her of its intention to do so.

**ANSWER**: In response to paragraph 12 of Plaintiff's Complaint, Defendant denies all allegations against it. To all other extents, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 12.

### Count II-15 U.S.C.§1692f-Unconscionable Means to Collect a Debt

13. It its usual and ordinary business dealings, Thomson West enforces payments from customers by sending monthly statements, past due notices, phone calls and the Auto-charge procedure to use a customer's credit card account to secure payment. For purposes of 15 U.S.0 §1692f, it is a debt collector for itself and for its subsidiaries using various ways to obtain payment on account.

**ANSWER**: In response to paragraph 13 of Plaintiff's Complaint, Defendant denies all allegations against it. To all other extents, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 13.

14. Defendants were well aware of the fact that any permission given by Plaintiff to charge her Mastercard account for Westlaw electronic usage expired on August 31, 2011 and that the credit card number was invalid. Under the guise of selling its FINDLAW website services to the Plaintiff, Defendants' sales person, on February 14, 2011, requested Plaintiff to charge the first month of the FINDLAW charges on her credit card and Plaintiff complied. (Exhibit D attached hereto). Defendant Thomson West obtained a new Mastercard account number, thereby enabling it to charge

$12,269.30 for the Westlaw charges, despite the fact that the company lacked Plaintiff's express auto-charge agreement.

**ANSWER**: In response to paragraph 14 of Plaintiff's Complaint, Defendant denies all allegations against it.

15. That Thomson West, through unconscionable and deceitful means collected a debt without Plaintiff's knowledge or prior authorization.

**ANSWER**: In response to paragraph 15 of Plaintiff's Complaint, Defendant denies all allegations against it.

16. Plaintiff has demanded that Westlaw take back the charges it made to her Mastercard account, but Westlaw refuses to do so.

**ANSWER**: In response to paragraph 16 of Plaintiff's Complaint, Defendant denies all allegations against it.

17. Plaintiff has demanded that Westlaw terminate all contracts with her, including the Findlaw account, but Defendants refuse to do so. In fact, Westlaw has sent a statement for usage fees, persisting in its intention to unlawfully use Plaintiff's credit card account over her strong objections. (Exhibit E attached hereto)

**ANSWER**: In response to paragraph 17 of Plaintiff's Complaint, Defendant denies all allegations against it.

18. That as a result of the Defendants unlawful, fraudulent and deceitful actions, the additional charges to Plaintiffs personal account have reduced her creditworthiness, causing her emotional distress and aggravation and she is fearful that the action of the Defendant may prevents her from qualifying for refinancing of her home mortgage.

**ANSWER**: In response to paragraph 18 of Plaintiff's Complaint, Defendant denies all allegations against it.

2008362v1

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENESE

The Fair Debt Collections Practices Act is inapplicable to this matter.

### THIRD DEFENSE

The Truth in Lending Act is inapplicable to this matter.

### FOURTH DEFENSE

Pursuant to the agreements between the parties, this Court is without jurisdiction over the matter.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by the terms and conditions of the agreements entered into by the parties.

### SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages and/or liability against Defendant.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and,

2. Awarding Defendant such other and further relief as the Court deems just and equitable.

Dated: May 4, 2012.

                                        Respectfully Submitted,

                                        /s/ Michael S. Poncin
                                        One of the attorneys for Defendant

Michael S. Poncin
James R. Bedell
MOSS & BARNETT, PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

9